N. T. EDSON, Curator, *v.* FRERET BROTHERS—SYKES, HYDE & .CO., Intervenors.

Writs of attachments are to be satisfied out of the proceeds of the property attached according to the order of date in which the respective seizures thereof are made. Seizure secures a lien.

Allegations contradictory of each other cannot be heard.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Bartlette*, for plaintiff and intervenors.

*Le Gardeur*, for defendant and appellant:

"There was no *actual* seizure by the Sheriff in any of the attachment cases, and consequently no privilege in favor of the intervenors."

VOORHIES, J. (SPOFFORD, J., absent.) The litigation in this case originated as follows: Several creditors instituted respectively attachment suits against *Isaac Donshea*, their common debtor, who had absconded; among others, the defendants, *Freret Brothers*, and the intervenors, *Sykes, Hyde & Co.* The attachment of the latter was levied on the 2d, and that of the former on the 9th of June, 1849, on all the property of *Donshea*; *Freret Brothers* claiming besides the vendors' privilege, to secure $1992 55, alleged to be the price of a certain engine and boilers, included among the effects thus attached. *William Wilber* also brought an attachment suit against *Donshea* for the recovery of $1000, alleged to be for work and labor done, &c., for which he also claimed a privilege. An order granting the writ as prayed for issued on the 31st of May, 1849. No judgments appear to have been rendered in these suits, except in that of *Sykes, Hyde & Co.*, in which they recovered on the 6th of December, 1849, the sum of $968 70, "with privilege on the property attached."

The evidence shows that *Mr. Freret* was, in the meantime, " appointed keeper of all the machinery, engines, &c., in the building at the corner of Julia and St. Paul streets," the same on which the attachments had been levied. On the 23d of January, 1850, *Freret Brothers* sold the property thus attached for the price of $1600, payable at six and twelve months credit. *Donshea* having died, the plaintiff was appointed curator to his estate, and as such instituted the present suit against *Freret Brothers* on the 22d of December, 1852, claiming the restoration of. the property thus sold by them, or, in default thereof, $3500 as the value of said property. .

*Sykes, Hyde & Co.*, through the liquidator of this firm, intervened in the present suit, alleging that the property claimed by the plaintiff had been seized by the Sheriff at their suit, and also at the suits of others, and delivered to *Freret Brothers*; that the judgment rendered in their favor gave them a lien on the property attached, whereby they were entitled to be paid by preference over all others out of the proceeds of the sale thereof.

The court below gave judgment against the plaintiff, dismissing his action, and in favor of the intervenors against the defendants, *Freret Brothers*, for the sum of $400, with interest. This appeal was taken by *Freret Brothers* alone from that judgment.

It is well settled in cases of attachment, that the first levy gives to the creditor a higher privilege to have his judgment satisfied out of the proceeds of the sale of the property attached, than that of a posterior levy. The intervenors' privilege in this case must therefore be considered, under the evidence, as higher than that of any of the other attaching creditors. 3 L. 183, 17 L. 160, 8 L. 59, 15 L. 461, 3 R. 457.

It is alleged in the defendants' answer that *Donshea* had sold the property attached to *Miss Mary Collins* previous to the levying of the attachments thereon, and that the sale made by them was authorized by her and the attaching creditor. No proof of any such authority on the part of the intervenors is to be found in the record. Neither is it shown that *Miss Mary Collins* ever asserted any claim to the property in question during the pendency of the attachment suits. The evidence, on the contrary, justifies the inference that *Donshea* had never parted with his possession. Moreover, the appellants must be considered as estopped from setting up the alleged transfer as a ground of defence. In this attachment suit against *Donshea*, it is alleged in the affidavit that the property on which their privilege as vendors existed was still in their debtor's possession. " He is not to be heard who alleges things contradictory to each other."

In relation to the appellants' claim, as subrogees of *Wilber*, we do not think the Judge, *a quo*, erred in disregarding it. *Wilber* himself, sworn on behalf of the appellants, says that he sold to the latter his claim against *Donshea* for the sum of $150. This, coupled with his affidavit to obtain the writ of attachment, is the only evidence in the record to sustain the claim.

We do not think that the appellants, under the evidence, have any reason to complain as to the value of the property fixed by the Judge *a quo*.

It is, therefore, ordered and decreed that the judgment of the court below be affirmed, with costs.